The opinion of the court was delivered by
White, J.
The executors of J. P. Crosley having obtained an order of seizure and sale, the plaintiff enjoined on substantially the following grounds:
1.That the notice of the order of seizure and sale, which by law must precede the writ and be served before its issuance, was served upon him by a deputy sheriff who was a minor. Hence the writ now in the sheriff’s hands is illegal, and cannot be executed.
2.That the stock, crop, farming implements, etc., seized, are not covered by the writ, or nominally included in the mortgage; hence their seizure is illegal.
3.That the sheriff has advertised and intends to sell the land, without having caused it to be surveyed into tracts of not less than ten nor more than fifty acres, and that such a sale would be illegal. That the act of 1877, repealing the act of 1870, which latter provided the means or mode of executing article-of the constitution, is itself unconstitutional, null and void, and hence is not to be regarded.
4.That the farm-hands or laborers had an interest of one-half in the growing crop, and that it could not be seized for his debts.
The defendants pleaded res adjudícala, and reserving their excep *686 tion, answered by a general denial, and prayed tlio dissolution of the Injunction with twenty per cent general and ten per cent special damages. The lower court dissolved the injunction with ten per cent special •damages. Plaintiff in injunction appeals.
1st. The plea of res judicata is not well taken. It is founded on the decree in the case of Williamson vs. Richardson, sheriff, 30 A. 1163, decided by us at our last term here. In the case relied on the present plaintiff enjoined the present writ on the first ground above stated and others, and the further ground of prescription. We held that the plea of prescription was not good, and that the other grounds could not be urged in a petition without bond, and dissolved the injunction. Thereupon the present injunction was taken with bond. We will consider the grounds of injunction seriatim-.
First — The proof establishes that the deputy sheriff who served the notice was a minor. Whilst such fact would have furnished a very good reason for his non-appointment, or a good cause for removal,-we are at a loss to understand of what avail it is to plaintiff. The law provides that every sheriff may, with the approbation of the court, appoint as many deputies as he sees proper, and before entering on the discharge of their duties they must be sworn by the judge. O. P. 764. There is no pretense that the deputy who served the papers had not been so appointed and qualified, and therefore, although he might have been liable “to removal, plaintiff was utterly without right or without interest to ■collaterally attack the validity of the appointment of a purely ministerial officer. We have recently had occasion to pass upon an objection of this nature, which went to the qualification of the sheriff, and our conclusion was that to reeognize the right of litigants to question collaterally the title of ministerial officers defacto exercising the duties Incumbent upon them by law, would make the administration of justice a mockery, by enabling a defendant to try the sheriff, the clerk, and every other ministerial officer before he himself was tried or his obligations enforced. Our conclusions then expressed have undergone no modification from applying them to the facts of this case. State vs. -; Thos. S. Elder vs. City of New Orleans, ante p. 500.
Second — Although the writ only issued against the mortgaged premises, it necessarily issued against the immovables by nature or destination, which were a part of those premises. There is no pretense that the things seized and not described eo nomine in the writ and act of mortgage were not such immovables. The complaint is that they were not ordered to be levied on by the writ, and that the sheriff, a ministerial officer, had no authority to decide as to whether or not particular things were or not immovables by destination or by nature. The fallacy consists In taking for granted that the order did not cover *687 the immovables by destination. The order to seize and sell the mortgaged property was an order to seize and sell all of it — not a part but the whole — and the sheriff would have been liable in damages had he failed to do his duty and levy under the writ on those things which by operation of law were a part of that which the writ covered.
Third — We see no reason to modify the views we have already expressed as to the effect of the repeal of the statute of 1870 providing for the division of lands. We adhere to those views.
Fourth — The crop was a part of the realty, and if any person 'had acquired on it a right equivalent to an anticipatory mobilization, such person might be heard to assert such right if any. But the defendant in execution has assuredly no standing in judgment to that end.
We think the damages below allowed are adequate. The judgment is affirmed with' costs.